THE STATE OF OHIO, APPELLEE, *v.* WARD, APPELLANT.

THE STATE OF OHIO, APPELLEE, *v.* MILLER, APPELLANT.

[Cite as State *v.* Ward (1984), 15 Ohio St. 3d 355.]

(Nos. 84-613 and 84-800—Decided December 31, 1984.)

Mr. *James A. Range,* city prosecutor, for appellee state of Ohio in 84-613.

Mr. *Ralph L. Oates* and Mr. *James M. Looker,* for appellant Robert G. Ward in 84-613.

Ms. *Barbara Petersen,* assistant prosecuting attorney, for appellee state of Ohio in 84-800.

Mr. *Thomas A. Mathews,* for appellant Mark Miller in 84-800.

J.P. CELEBREZZE, J. The question presented by these appeals is whether certified copies of police logs showing calibration of intoxilyzer equipment are admissible against a defendant in a prosecution for violation of R.C. 4511.19. For the foregoing reasons, we hold that such copies are admissible despite the absence of the calibrating officer at trial.

Before this court's adoption of the Ohio Rules of Evidence in July 1980, the question at bar was governed by R.C. 2317.42 and our decision in *State* v. *Walker, supra.*

"Official reports made by officers of this state, or certified copies of the same, on a matter within the scope of their duty as defined by statute, shall, in so far as relevant, be admitted as evidence of the matters stated therein." R.C. 2317.42.

This court in *Walker* interpreted that statute and held:

"In a criminal prosecution for violation of R.C. 4511.19 or a municipal ordinance relating to driving a vehicle while under the influence of alcohol, certified copies of pages from a permanent log book maintained by a police department in accordance with regulations promulgated by the Director of Health pursuant to R.C. 3701.143 are admissible in evidence as an exception to the hearsay rule under R.C. 2317.42."

Thus, before July 1980, police logs showing calibration of intoxilyzer equipment were clearly admissible as an exception to the rule against hearsay.

This court's purpose in adopting the Ohio Rules of Evidence was to clarify and codify the existing law. Evid. R. 102 enunciates that purpose and provides in part: "These rules shall be construed to state the common law of Ohio unless the rule clearly indicates that a change is intended and shall not supersede substantive statutory provisions." We find no clear indication in the Rules of Evidence of an intention to change the effect of R.C. 2317.42 and *Walker, supra.*

Appellants' contention that Evid. R. 803(8) must be construed to supersede R.C. 2317.42 and to overrule *Walker* has no merit. Evid. R. 803(8) is the public records and reports exception to the rule against hearsay and provides:

"Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness."

Appellants rely solely on the language, "* * * excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant * * *," to argue that R.C. 2317.42 and *Walker* are defunct, and that the logs in this case were improperly admitted at trial. The above-quoted language, in and of itself, does not clearly indicate the intent to change the preexisting common law. The staff notes to Evid. R. 803(8) expressly indicate that R.C 2317.42 is to remain in effect as an exception to the rule against hearsay: "* * * [T]he rule [803(8)] permits introduction of public reports subject to the exceptions enumerated. Several Ohio statutory provisions accomplish a similar result. See, for example, R.C. 2317.39 and 2317.42 regarding public records." Furthermore, there is no mention in the staff notes of any intent to change the common law enunciated in *Walker*.

We interpret the exclusionary language of Evid. R. 803(8) as consistent with the law prior to its adoption. The phrase, "excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel * * *," prohibits the introduction of reports which recite an officer's observations of criminal activities or observations made as part of an investigation of criminal activities. This phrase does not prohibit introduction of records of a routine, intra-police, or machine maintenance nature, such as intoxilyzer calibration logs. Such routine records are highly likely to be reliable, and are precisely the type contemplated as admissible by the public records exception to the rule against hearsay.

Accordingly, we reject the reasoning of the court of appeals in *State* v. *Emch, supra,* and affirm the judgment of both of the courts of appeals in the cases at bar.

*Judgments affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

C. BROWN, J., dissents.

C. BROWN, J., dissenting. Because I am firmly convinced that the police logs pertaining to calibration of intoxilyzer equipment constitute inadmissible hearsay, I dissent.

Such records are specifically barred from admission into evidence by Evid. R. 803(8). This rule expressly excludes reports of public offices or agencies setting forth matters observed by police officers and other law enforcement personnel in criminal cases, unless offered by the defendant. Such reports are hearsay and are not subject to any exemption.

This court's decision in *State* v. *Walker* (1978), 53 Ohio St. 2d 192 [7 O.O.3d 368], to the effect that such records are admissible as an exception to the hearsay rule, was predicated on R.C. 2317.42. *Walker,* however, predated the adoption of the Ohio Rules of Evidence. R.C. 2317.42 has clearly been superseded by the subsequently enacted Evid. R. 803(8), *which specifically excludes such evidence.* The rule plainly provides that reports such as those in the instant causes are hearsay and not admissible, regardless of authentication or the supporting testimony of the calibrating officer. Evid. R. 803(8) being later than the statute in terms of the date of enactment, the rule prevails over R.C. 2317.42. See R.C. 1.52.

Based on this analysis, I would reverse the judgment of the courts of appeals in both of the cases at bar.