DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of conviction and sentence of the Chillicothe Municipal Court. Defendant-Appellant Theresa L. Carter was convicted of one count of operating a motor vehicle with a breath-alcohol content above the prescribed limit, in violation of R.C. 4511.19 (A)(3).
On appeal, appellant argues that her arrest was illegal because the conduct observed by the arresting officer was insufficient to create a reasonable and articulable suspicion of criminal activity to justify the traffic stop. We disagree. The officer's uncontroverted testimony that appellant drifted over the right-hand edge line at least twice, and that she almost hit the guardrail, was sufficient to create a reasonable suspicion of criminal activity, thereby justifying his initial stop of appellant's vehicle.
Appellant also argues that the trial court should have suppressed the results of her breath test because appellee failed to establish that the breath-testing machine had been properly calibrated. We agree. Appellant's brief reasonably appears to sustain the conclusion that appellee failed to authenticate the "batch and bottle" affidavit which was offered and admitted into evidence to establish the proper calibration of the machine. Accordingly, we reverse the judgment of the trial court, and remand for further proceedings.
 STATEMENT OF THE CASE
On September 6, 1998, Sergeant Brady Turner of the Ohio State Highway Patrol stopped appellant on U.S. Route 35 in Ross County, Ohio. Sergeant Turner arrested appellant and charged her with one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19 (A)(1), and one count of operating a motor vehicle with a breath-alcohol content above the prescribed limit, in violation of R.C. 4511.19 (A)(3). At her arraignment, appellant pled not guilty to the charges. She subsequently filed a motion to suppress the results of her breath test on the grounds that Sergeant Turner lacked probable cause to stop her and that the BAC Datamaster machine that was used to conduct her breath test had not been properly calibrated.
At the hearing on appellant's motion to suppress, Sergeant Turner testified that he followed appellant for over half of a mile as she proceeded southbound on U.S. Route 23 and merged onto eastbound Route 35. For a substantial portion of this one-half mile of observation, Sergeant Turner was as close as three car lengths behind appellant. During that time, Sergeant Turner observed appellant drift over the right-hand edge line at least two times. The second time that appellant drifted over the edge line, Sergeant Turner testified that she almost hit the guardrail on the right side of the road. Sergeant Turner did not testify how far over the edge line appellant drifted or how long she remained there. Nor could he specify how far from the edge of the road the guardrail was located. Sergeant Turner was approximately three to four car lengths behind appellant when he observed her drift over the edge line. Sergeant Turner further testified that appellant was not speeding, and that he did not observe any other traffic or equipment violations.
Appellee submitted a photocopy of a document from the Department of Health certifying the batch solution used to calibrate the breathalyzer machine. The original certificate had been photocopied, and the Department of Health had certified the copy. The document submitted by appellee was another photocopy of the certified copy. Appellant objected to the admission of appellee's document, arguing that it had not been properly authenticated. Sergeant Turner had seen neither the original certificate nor the certified copy, rendering him unable to compare either of them to the document submitted and offered by appellee as evidence.
The trial court admitted the document over appellant's objection. The court took judicial notice of the fact that the original certificate had been admitted into evidence in another case in his court two days before the hearing on appellant's motion to suppress. Since he had reviewed the original document itself in the previous case, the court stated that appellee's document was inherently reliable.
The trial court subsequently denied appellant's motion to suppress. Appellant changed her plea to no contest on the OMVI charge under R.C. 4511.19 (A)(3), and appellee dismissed the charge under R.C. 4511.19 (A)(1). The trial court then found appellant guilty of operating a motor vehicle with a breath-alcohol content above the prescribed limit.
Appellant filed a timely notice of appeal. Although appellant filed her brief on April 28, 1999, appellee failed to timely file its brief. On July 22, 1999, we ordered appellee to file its brief on or before August 11, 1999. On October 22, 1999, appellee filed a brief, accompanied by a motion for leave to file instanter. On November 1, 1999, we denied appellee's motion for leave to file instanter and ordered appellee's brief stricken from the record. Due to appellee's failure to timely file a brief, we shall accept appellant's statement of the facts and issues as correct. In addition, we may reverse the judgment of the trial court if "appellant's brief reasonably appears to sustain such action." App.R. 18 (C).
Appellant presents two assignments of error for our review.
 ASSIGNMENTS OF ERROR: I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS WHEN THE ARRESTING OFFICER LACKED REASONABLE ARTICULABLE SUSPICION TO STOP APPELLANT'S MOTOR VEHICLE.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS THE RESULTS OF HER BREATH TEST WHEN THE STATE FAILED TO DEMONSTRATE THAT THE BREATH TESTING INSTRUMENT HAD BEEN PROPERLY CALIBRATED.
 OPINION I.
In her First Assignment of Error, appellant argues that the trial court erred in determining that Sergeant Turner had sufficient reasonable articulable suspicion to justify the initial traffic stop. Sergeant Turner testified that he observed appellant drift across the right-hand edge line at least twice. Appellant argues that, absent testimony regarding how far over the edge line she crossed or how long she remained over the edge line, these two instances are insufficient as a matter of law to justify the traffic stop. The trial court denied appellant's motion based largely on Sergeant Turner's testimony that appellant almost hit the guardrail the second time she drifted over the edge line. However, appellant argues that these observed actions are insufficient to justify the initial stop, because Sergeant Turner did not say how close she came to the guardrail, and he could not say how close to the side of the road the guardrail was located.
An appeal from a trial court's ruling on a motion to suppress evidence involves mixed questions of law and fact. When hearing a motion to suppress, the trial court acts as the trier of fact and is in the best position to evaluate the evidence and judge the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357,582 N.E.2d 972. We must accept the trial court's factual determinations so long as some competent, credible evidence supports them. State v. Harris (1994), 98 Ohio App.3d 543,649 N.E.2d 7. However, we conduct a de novo review of the applicable legal principles. Id.
Under the Fourth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, a police officer may briefly stop and detain an individual for investigatory purposes only if the officer has a reasonable suspicion that the individual is involved in criminal activity.Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Section 14, Article I, Ohio Constitution, provides similar protection against investigatory stops unsupported by any reasonable suspicion of criminal activity. State v. Andrews
(1991), 57 Ohio St.3d 86, 565 N.E.2d 1271. The officer's reasonable suspicion must be based on specific and articulable facts. Id.
In State v. Brite (1997), 120 Ohio App.3d 517, 698 N.E.2d 478, we stated, "These `weaving car' cases present a particularly thorny problem. Often, it is only the presence of one or two additional circumstances (beyond the weaving) that will separate a constitutional stop from one that is unconstitutional." Id. at 521, 698 N.E.2d at 480. In Brite, the state established that the defendant crossed the right-hand edge line twice over a distance of approximately one mile, but presented no evidence of either the margin or the duration of the crossing. We held that, without evidence of any other traffic violations, the defendant's two deviations from his lane of travel were insufficient to justify the traffic stop. Id. At the same time, weaving within a single lane of traffic may be a sufficient indication that a driver is impaired to justify a traffic stop. State v. Gullett (1992),78 Ohio App.3d 138, 145, 604 N.E.2d 176, 181 (Abele, J., concurring); see, also, State v. Riffle (Nov. 15, 1991), Ross App. No. 1698, unreported.
In the case sub judice, Sergeant Turner testified that appellant crossed over the right-hand edge line at least twice, but he did not specify either the margin or the duration of the crossing. He also testified that appellant almost hit the guardrail the second time that she crossed over the edge line. Thus, Sergeant Turner provided evidence of circumstances beyond appellant's weaving to support his suspicion that appellant's driving was impaired. We find that the fact that appellant almost hit the guardrail, combined with her weaving, were sufficient circumstances to justify the traffic stop.
Accordingly, appellant's First Assignment of Error is OVERRULED.
 II.
In her Second Assignment of Error, appellant argues that the trial court erred in denying her motion to suppress the results of the breath test, because appellee failed to prove that the BAC Datamaster machine was properly calibrated. In order to admit the results of a breath test, the state must establish that the test was conducted in accordance with Department of Health regulations. See Cincinnati v. Sand (1975), 43 Ohio St.2d 79,330 N.E.2d 908, paragraph two of the syllabus. The regulations require that the breath testing instrument be properly calibrated using an ethyl alcohol solution approved by the Director of Health. Ohio Adm. Code 3701-53-04. Appellant argues that appellee failed to establish that the solution used to calibrate the BAC Datamaster in the instant case had been approved by the Director of Health.
Appellee submitted a document purporting to be a copy of a "batch and bottle" affidavit issued by the Director of Health [hereinafter Exhibit G]. Such affidavits are issued by the Department of Health to certify that a particular solution has been approved for use in calibrating breath-testing instruments. On the back of Exhibit G is a photocopy that purports to certify Exhibit G as being a true and accurate copy of the original document maintained by the Department of Health.[1] Sergeant Turner testified that he had seen neither the original "batch and bottle" affidavit nor a certified copy of the original.
Appellant objected to the admission of Exhibit G, arguing that appellee was required to submit either a certified copy of the original affidavit, or a witness who had compared Exhibit G with the original and who could testify as to the authenticity of Exhibit G. The trial court overruled appellant's objection, noting that the original had been presented in another case two days earlier and that the court was satisfied that Exhibit G was inherently reliable. On appeal, appellant argues that the trial court improperly took judicial notice of the authenticity of Exhibit G.
A trial court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201 (B). It is inappropriate to take judicial notice in one proceeding of findings of fact in another proceeding that does not involve the same parties. Krischbaum v. Dillon (1991),58 Ohio St.3d 58, 567 N.E.2d 1291. "[I]t is well-settled that a trial court may not take judicial notice of their own proceedings in other cases, even though the same trial judge may have presided." Kalb v. Morehead (May 19, 1998), Scioto App. No. 97CA2499, unreported, citing State ex rel. Crow v. Wexgrandt
(1959), 170 Ohio St. 81, 162 N.E.2d 845.
In the instant case, the trial court effectively took judicial notice of the authenticity of Exhibit G when it found that the document was inherently reliable because the original certificate had recently been admitted in another case. The authenticity of "batch and bottle" affidavits is obviously not a subject of general knowledge in this or any other court's jurisdiction. Further, the authenticity of these affidavits is not subject to "ready determination," as such a determination would require examination of records maintained by the Department of Health. See State v. Adams (Mar. 9, 1995), Pickaway App. No. 94CA21, unreported. Thus, the court below could not properly take judicial notice of the authenticity of Exhibit G in the instant case. Nevertheless, if appellee established a sufficient foundation to admit Exhibit G, then the trial court's decision to take judicial notice would constitute harmless error.
Establishing that the Director of Health has approved a particular calibration solution requires proving the contents of a writing, i.e. the "batch and bottle" affidavit certified by the director. Proving the contents of a writing presents problems with hearsay, authentication, and the best evidence rule. A "batch and bottle" affidavit is admissible under the public records exception to the hearsay rule. See Evid.R. 803 (8); Statev. Ward (1984), 15 Ohio St.3d 355, 474 N.E.2d 300. Similarly, Exhibit G would likely satisfy the best evidence rule as a duplicate of the original document. See Evid.R. 1003; State v.Easter (1991), 75 Ohio App.3d 22, 598 N.E.2d 845.
The main issue raised in this assignment of error is whether appellee presented sufficient evidence to authenticate Exhibit G. As stated in Painter Looker, Ohio Driving Under the Influence Law (1999), T 13.10, 191:
 If the document is clearly inadmissible, no amount of authentication will render it admissible. Conversely, without proper authentication or self-authentication, what otherwise what [sic] would have been an admissible record cannot be allowed into evidence. Evidence Rule 1003 relates to the admissibility of duplicates, allowing them to be admitted in lieu of the original. However, it does not dispense with evidence Rule 901, requiring that the duplicate be properly authenticated as a precondition to its admissibility.
Ordinarily, decisions regarding the admission of evidence are left to the sound discretion of the trial court. See Easter,supra. In the instant case, the certification on the back of Exhibit G is itself a photocopy, so there is no way to determine whether the certification is from the original "batch and bottle" affidavit or from another document. Thus, Exhibit G is not self-authenticating under Evid.R. 902. Sergeant Turner testified that he had seen neither the original "batch and bottle" affidavit, nor a certified copy of the original. He specifically stated that he could not testify whether or not the affidavit on file in his highway patrol post carried the purported certification that was on the back of Exhibit G. Under these circumstances, we find that appellant's brief reasonably appears to warrant a finding that appellee failed to properly authenticate Exhibit G.
Accordingly, appellant's Second Assignment of Error is SUSTAINED. The judgment of the Chillicothe Municipal Court is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and cause remanded to the trial court for further proceedings consistent with this opinion and Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., Abele, J., and Evans, J.: Concur in Judgment and Opinion.
_____________________________ Roger Kline, Presiding Judge
_____________________________ Peter B. Abele, Judge
_____________________________ David T. Evans, Judge
[1] The certification on the back of Exhibit G provides as follows:
 STATE OF OHIO §: County of Franklin
 I certify that this is a true and accurate copy, kept in the ordinary course of business, of the original on file at the Ohio Department of Health.