OPINION
{¶ 1} Appellant, Michael P. Popovich, appeals the November 2, 2001 judgment of the Willoughby Municipal, in which he was found guilty of driving under the influence of alcohol.
 {¶ 2} Appellant was issued a citation on August 23, 2001, for traveling left of center, in violation of the village of Waite Hill Ordinance No. 331.01, a minor misdemeanor, and driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree. Appellant initially entered a plea of not guilty to the charges. On September 19, 2001, appellant filed a motion to dismiss, or in the alternative, a motion to suppress "any and all evidence obtained from the warrantless seizure of [appellant] ***." A suppression hearing was held on October 24, 2001.
 {¶ 3} Officer Brad Oswalt ("Officer Oswalt) of the village of Waite Hill Police Department testified that on August 23, 2001, at about 12:03 a.m., while he was on routine patrol, he observed appellant's auto, which was in front of him, cross left of center. He continued to follow the car, and he saw the car cross left of center several more times. Officer Oswalt indicated that he followed appellant for about a mile and a half. As a result, Officer Oswalt activated his overhead lights and initiated a traffic stop. He approached appellant and advised him of the reason for the stop.
 {¶ 4} Officer Oswalt related that as he shined his flashlight into the window, he noticed appellant fumbling with his wallet, and as he "tried to grab the license out of the wallet, he had trouble grasping the edge of the license. It took him three or four tries before he could actually grab the edge of the license ***." At that time, Officer Oswalt stated that he smelled an odor of alcohol emanating from appellant. He explained that he did not cross the threshold of the door, but that the odor came out of the vehicle. Based on the odor, Officer Oswalt had appellant perform a finger count, which appellant did not correctly accomplish. Officer Oswalt stated that the finger count test did not enter into his decision to arrest appellant for driving under the influence of alcohol.
 {¶ 5} Thereafter, Officer Oswalt asked appellant to exit the vehicle to perform standard field sobriety tests. As appellant exited the auto, "he placed his left hand against the vehicle *** to gain his balance, because he looked unsteady on his feet ***." Officer Oswalt administered the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand test, but appellant failed the tests. According to Officer Oswalt, in reference to the walk and turn test, appellant "missed touching heel to toe at steps two, three, four, five, six, seven, eight, and nine." Furthermore, Officer Oswalt indicated that appellant did not perform the one leg stand test satisfactorily. Subsequently, Officer Oswalt read appellant his Miranda rights and placed him under arrest and transported him to the police station.
 {¶ 6} In a judgment entry dated October 31, 2001, the trial court granted appellant's motion in part and denied it in part. The trial court explained that "[a]ll evidence obtained as a result of the improper administration of the horizontal gaze nystagmus test is suppressed *** and [a]ll other evidence obtained by the officer pursuant to his proper initial stop and subsequent arrest will be admissible ***." On November 2, 2001, appellant appeared in court and entered a plea of no contest to the charges. The trial court found appellant guilty and sentenced him to ninety days in jail, eighty-five of which were suspended. The trial court also fined him $350, ordered him to pay costs, suspended his driver's license, and required probation for one year with conditions. Appellant filed the instant appeal and now assigns the following as error:
 {¶ 7} "[1.] The trial court erred as a matter of law and to the prejudice of [appellant] when it denied the motion to suppress evidence obtained as a result of an illegal search and seizure, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Section 14, Article I of the Ohio Constitution.
 {¶ 8} "[2.] The trial court erred to the prejudice of [appellant] and abused its discretion when it admitted a police report into evidence, thereby violating [appellant's] due process and fair trial rights as guaranteed by the Ohio and United States Constitutions."
 {¶ 9} Under the first assignment of error, appellant argues that the trial court erred in overruling appellant's motion to suppress in violation of his constitutional rights.
 {¶ 10} A reviewing court may not disturb a lower court's ruling on a motion to suppress when the motion is supported by substantial credible evidence. State v. Frazier (Oct. 6, 2000), 11th Dist. No. 99-T-0109, 2000 WL 1488364, at 2. We are to defer to "the trial court's findings of fact and rely on its ability to evaluate the credibility of the witnesses," and then we must independently review whether the trial court applied the correct legal standard. State v. Anderson (1995), 100 Ohio App.3d 688,691.
 {¶ 11} In evaluating the propriety of an investigative stop, a reviewing court must consider the totality of the circumstances surrounding the stop as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." State v. Andrews (1991), 57 Ohio St.3d 86, 87-88; see, also,State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
 {¶ 12} Initially, we must determine whether Officer Oswalt had the requisite reasonable and articulable suspicion or a probable cause to stop appellant's vehicle. It is well-settled that the test for probable cause is:
 {¶ 13} "*** [W]hether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio
(1964), 379 U.S. 89, 91.
 {¶ 14} Further, an officer's observation of any traffic violation constitutes probable cause sufficient to stop the vehicle observed violating such law. Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12;State v. Akers (Apr. 4, 1997), 11th Dist. No. 95-P-0073, 1997 WL 184760, at 3. This court has repeatedly held that when a police officer witnesses a minor traffic violation, he or she is warranted in making a limited stop for the purpose of issuing a citation. State v. Brownlie (Mar. 31, 2000), 11th Dist. Nos. 99-P-0005 and 99-P-0006, 2000 WL 522463, at 2. The police officer may then investigate the detainee for DUI if there is a reasonable suspicion that the detainee is intoxicated based on specific and articulable facts. Id. In State v. Yemma (Aug. 9, 1996), 11th Dist. No 95-P-0156, 1996 WL 495076, at 3, we stated:
 {¶ 15} "Once the officer has stopped the vehicle for some minor traffic offense ***, the officer may then proceed to investigate the detainee for [DUI] if he or she has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts ***."
 {¶ 16} In the case at bar, Officer Oswalt testified at the suppression hearing that he personally observed appellant's vehicle travel left of center on several occasions in a distance of about a mile and a half, which obviously rises above the crest of an articulable suspicion to stop. Therefore, based on his observations, he had sufficient probable cause to perform the traffic stop.
 {¶ 17} The next issue to be addressed is whether Officer Oswalt had probable cause to arrest appellant for driving under the influence. Ohio courts have consistently held that a police officer who stops a driver for a traffic violation, may arrest that driver for driving under the influence when after considering the totality of the circumstances, indicia such as the time of night, smell of alcohol, erratic driving and unsatisfactory completion of the field sobriety tests exist. State v.Evans (Mar. 27, 1998), 11th Dist. No. 97-G-2069, 1998 WL 156988, at 5, fn. 2; State v. Brandenburg (1987), 41 Ohio App.3d 109, 111.
 {¶ 18} Here, since Officer Oswalt observed appellant commit a traffic infraction, he had probable cause to perform the stop. Moreover, given the time of night, the odor of alcohol on appellant, the smell emanating from the car, and Officer Oswalt's observation of the auto travel left of center several times, he had reason to suspect appellant was operating a motor vehicle while under the influence of alcohol. Further, appellant's inability to perform the two field sobriety tests constituted specific and articulable facts providing probable cause for Officer Oswalt to effectuate his subsequent arrest for driving while under the influence.[1] Indeed, the roadside detention of appellant and his ensuing arrest for driving while under the influence were both constitutional. Under the totality of the circumstances, we conclude that the trial court did not err by overruling appellant's motion to suppress the evidence. The trial court's decision was supported by competent, credible evidence in the form of Officer Oswalt's testimony at the suppression hearing. Appellant's first assignment of error lacks merit.
 {¶ 19} For his second assignment of error, appellant argues that the trial court erred when it admitted a police report into evidence and violated his due process rights and right to a fair trial.
 {¶ 20} Evid.R. 803(8)(b) provides in pertinent part:
 {¶ 21} "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth *** (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness." (Citations omitted.)
 {¶ 22} Pursuant to Evid.R. 803(8)(b), there is a restriction upon the use in criminal cases of records or reports from "police officers and other law enforcement personnel" containing matters observed pursuant to official duty. See, also, State v. Emch (1982), 7 Ohio App.3d 7, 8-9. Evid.R. 803(8)(b) expressly precludes the introduction of such evidence by the state, while permitting the accused to introduce it where favorable to him.
 {¶ 23} To admit a document under Evid.R. 803(8)(b), there are three foundational requirements: (1) the source of the information must have personal knowledge of the event described in the report, as the qualifying phrase "matters observed" clearing imports; (2) the source must be under a legal duty to report the information; and (3) the official agency must be legally required to prepare and maintain the record, as the term "duty" implies. State v. Ramey (Sept. 3, 1999), 2d Dist. No. 99CA0002, 1999 WL 957650, at 4.
 {¶ 24} A police report is a public record, and those portions of a police report that contain "`matters observed pursuant to a duty imposed by law as to which matters there was a duty to report' are admissible into evidence" pursuant to Evid.R. 803(8)(b). Petti v. Perna (1993),86 Ohio App.3d 508, 513. However, the rule "prohibits the introduction of reports which recite an officer's observations of criminal activities or observations made as part of an investigation of criminal activities."State v. Ward (1984), 15 Ohio St.3d 355, 358. Therefore, evaluative and investigative reports are inadmissible as exceptions to the hearsay rule under Evid.R. 803(8)(b). State v. Humphries (1992), 79 Ohio App.3d 589,597.
 {¶ 25} Here, it is our view that the exhibit which was admitted was a police report that contained "matters observed pursuant to a duty imposed by law as to which matters there was a duty to report," including matters observed by the officer who testified in this case. With respect to Officer Oswalt's testimony, the document was used as a basis for present memory revived for testimonial purposes which was certainly permissible since this exercise did not involve the admission of substantive evidence from the report. Evid.R. 612.
 {¶ 26} Since the document was not offered into evidence by appellant pursuant to Evid.R. 803(8)(b), it was error for the trial court to admit it in toto. However, under the circumstances of this case, it was harmless error at best. There was abundant other evidence emanating from a valid stop of appellant and subsequent investigation to support the conclusion that appellant was under the influence of alcohol.
 {¶ 27} However, the portion of the report containing the officer's observations and evaluations should have been redacted from the document in connection with its admission.[2] If other parts of the report were admissible under Evid.R. 803(8)(a) and were otherwise relevant, they could have validly been admitted. Again, the fact that Officer Oswalt could and did use the report to refresh his memory was appropriate. As to the references to the suppressed evidence, this was a bench trial and presumably the trial court was aware of what it had suppressed. Thus, appellant's second assignment of error is overruled.
 {¶ 28} For the foregoing reasons, appellant's assignments of error are not well-taken. Therefore, the judgment of the Willoughby Municipal Court is affirmed.
JUDITH A. CHRISTLEY and DIANE V. GRENDELL, JJ., concur.
[1] Although three field sobriety tests were administered, this opinion only addresses two of the tests since the trial court excluded the horizontal gaze nystagmus test.
[2] Admission of the items was specifically erroneous.