DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Adam Soucie, appeals his conviction out of the Medina Municipal Court. This Court affirms.
 I. {¶ 2} On April 11, 2007, Soucie was charged with one count of reckless operation in violation of section 333.09(b) of the Codified Ordinances of Medina, Ohio; one count of operating a vehicle under the influence in violation of R.C. 4511.19(A)(1)(a); and one count of operating a vehicle with a prohibited breath alcohol content in violation of R.C. 4511.19(A)(1)(d). Soucie demanded a jury trial, and the trial court granted the demand. Soucie later executed a waiver of a jury trial and the matter proceeded to trial before the judge.
 {¶ 3} Prior to the commencement of the bench trial, the State moved to dismiss the charges of reckless operation and operating a vehicle under the influence. The trial court granted the motion to dismiss and the matter proceeded to trial on the breath alcohol charge. At the *Page 2 
conclusion of trial, the trial court found Soucie guilty. The trial court sentenced him accordingly, and stayed the sentence pending appeal. Soucie timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "IT IS ERROR FOR THE COURT TO ENTER A FINDING OF GUILTY ON A PROHIBITED BAC CHARGE UNLESS THERE IS PROOF THAT THE BAC TEST RESULT WAS OBTAINED WITHIN 3 HOURS OF OPERATION."
 {¶ 4} Soucie argues that his conviction must be reversed because the State failed to present evidence that the breath alcohol content test was conducted within three hours of Soucie's operation of the vehicle as required by R.C. 4511.19(D)(1)(b). He also argues that the documents evidencing his breath alcohol content were improperly admitted because they were duplicates rather than originals and because they were not authenticated through testimony of a records keeper. This Court finds Soucie's arguments to be not well taken.
 {¶ 5} The Ohio Supreme Court held in Defiance v. Kretz (1991),60 Ohio St.3d 1, that "[a] motion to suppress is a proper pretrial procedure for challenging breathalyzer test results when the defendant is charged with a violation of R.C. 4511.19(A)(3)[1] ." Id. at syllabus. There was confusion regarding whether a motion to suppress constituted the exclusive means of challenging breathalyzer test results. See, e.g.,State v. Johnson (June 10, 1994), 2d Dist. No. 93-CA-95. The Ohio Supreme Court clarified its holding in State v. French (1995),72 Ohio St.3d 446, paragraph one of the syllabus:
 "Because Crim. R. 12(B)(3) applies to all charges under R.C. 4511.19, a defendant charged under R.C. 4511.19(A)(1) through (4) who does not challenge the *Page 3 
admissibility of the chemical test results through a pretrial motion to suppress waives the requirement on the state to lay a foundation for the admissibility of the test results at trial. The chemical test result is admissible at trial without the state's demonstrating that the bodily substance was withdrawn within two hours of the time of the alleged violation, that the bodily substance was analyzed in accordance with methods approved by the Director of Health, and that the analysis was conducted by a qualified individual holding a permit issued by the Director of Health pursuant to R.C. 3701.143."
 {¶ 6} Soucie failed to file a motion to suppress challenging the admissibility of the breathalyzer test. Accordingly, he has forfeited the issue on appeal.
 {¶ 7} Soucie also challenges the admissibility of the State's exhibits in the absence of testimony of a records keeper with personal knowledge of the documents.
 {¶ 8} This Court notes that the exhibits admitted into evidence are not contained in the record transmitted to this Court. The index page of the trial transcript lists two documents, to wit: Compilation and BMV 2255, admitted into evidence. The index page further contains a parenthetical note: "(All exhibits were marked and retained by the Court. This court reporter does not have nor has ever had said exhibits.)" This Court has consistently held that "the appellant is responsible for providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support the assignments of error." Fields v. Cloyd, 9th Dist. No. 24150, 2008-Ohio-5232, at ¶ 11. When the appellant fails to ensure that the record is complete, this Court must presume regularity. Id. at ¶ 13. In this case, the transcript recounts that a certified copy of the compilation of police records, including the test result and BAC DataMaster Subject Test Form, was admitted into evidence. In the absence of the exhibits from the record, this Court presumes that the document was a copy, certified by the affidavit of the records keeper, as asserted by the State.
 {¶ 9} The Ohio Supreme Court has held that "[c]ertified copies of police logs showing calibration of intoxilyzer equipment are admissible against a defendant in a prosecution for *Page 4 
violation of R.C. 4511.19, despite the absence of the calibrating officer at trial." State v. Ward (1984), 15 Ohio St.3d 355, at syllabus; see, also, State v. Knoll (Aug. 5, 1998), 9th Dist. No. 2771-M. Accordingly, the State's exhibits were properly admitted into evidence. Soucie's assignment of error is overruled.
 III. {¶ 10} Soucie's sole assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
MOORE, J., and DICKINSON, J., CONCUR.
[1] Then current R.C. 4511.19(A)(3) is substantially similar to current R.C. 4511.19(A)(1)(d). *Page 1