[Cite as *State v. Bailey*, 2012-Ohio-3447.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97329**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DECO BAILEY

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-550232

**BEFORE:** Blackmon, A.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** August 2, 2012

**ATTORNEYS FOR APPELLANT**

Joseph C. Patituce
Megan M. Patituce
Patituce & Associates, L.L.C.
26777 Lorain Road, Suite 708
North Olmsted, Ohio 44070


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Justin S. Gould
        Edward D. Brydle
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellant Deco Bailey appeals his convictions and assigns the following

errors for our review:

> **I. The defendant was denied due process of law where the prosecutor repeatedly engaged in prosecutorial misconduct by vouching for the credibility of a testifying co-defendant. (Tr. 346, 386, 387).**
>
> **II. The defendant was denied due process of law when the court permitted, over defendant's objection, an instruction to the jury regarding aiding and abetting where the state failed to produce any evidence to support the instruction. (Tr. 250, 282, 317-318).**
>
> **III. The defendant was denied due process of law where the court refused to admit the police report as an exhibit at defendant's request pursuant to Ohio Evidence Rule 803. (Tr. 174-212, 298-99).**
>
> **IV. The defendant was denied due process of law when the court denied defendant's motion to dismiss where the state failed to bring defendant to trial within the mandates of the Sixth and Fourteenth Amendments to the United States Constitution as well as Section 10, Article 1 of the Ohio Constitution and Ohio Revised Code Section 2945.71. (Tr. 359).**
>
> **V. The defendant was denied due process of law where his conviction was not supported by legally sufficient evidence. ( Tr. NA).**
>
> **VI. The defendant was denied due process of law where his conviction was against the manifest weight of the evidence. (Tr. NA).**

**{¶2}** Having reviewed the record and pertinent law, we affirm Bailey's

convictions. The apposite facts follow.

**{¶3}** On May 19, 2011, the Cuyahoga County Grand Jury indicted Bailey for drug trafficking, drug possession, and possession of criminal tools, which had forfeiture specifications attached. Additionally, Bailey was indicted for tampering with evidence; his jury trial commenced on August 17, 2011.

## Jury Trial

**{¶4}** East Cleveland police officer Seana Kelly and her partner passed a parked vehicle with expired tags. Officer Kelly made a u-turn; at which time, she observed a man and a woman exiting a suspected drug house. The vehicle at issue was parked at the house. The two individuals entered the vehicle with the expired plates and proceeded to drive away. The female was observed driving the vehicle. Upon activating the sirens and lights, the passenger began to fidget and leaned towards the vehicle's center console.

**{¶5}** The officers exited the patrol car, approached the stopped vehicle, and advised the driver, later identified as Betty Williams, that she had been stopped for driving with expired plates. When Officer Kelly asked Williams to step out of the vehicle and to produce identification, the response was muffled. Officer Kelly suspected that Williams might be concealing drugs in her mouth and ordered her to expectorate. Williams complied, and a small bag containing several rocks of suspected crack cocaine fell to the ground. Williams indicated she had purchased the crack cocaine from the house she had just left; she stated that the seller was in the house, and she offered to cooperate in apprehending the seller. Tr. 188.

**{¶6}** Officer Kelly stated that the passenger, later identified as Bailey, was also removed from the vehicle, patted down for officers' safety, but no drugs were found on his person. During an inventory search of the vehicle, a bag of suspected crack cocaine was discovered between the driver's seat and center console. Thereafter, the officers arrested Williams and Bailey.

**{¶7}** Williams confirmed that she was five months pregnant at the time of the traffic stop; that she had been visiting her uncle, drinking alcohol, and smoking crack cocaine. Williams telephoned Bailey and asked him for a ride home from her uncle's house. Bailey arrived a short time later and they left together.

**{¶8}** Contrary to what Williams told the officer at the scene that she had purchased the drugs at the house she had just left, Williams testified that when they exited, they saw a police cruiser drive by the house. Bailey handed her the keys and told her to drive. Ultimately, the police cruiser pulled behind them and stopped the vehicle. Williams testified that Bailey threw two bags of crack cocaine in her lap and told her to swallow them. Williams stated she feared swallowing the crack because she was pregnant, but she put one bag in her mouth and threw the other in Bailey's lap.

**{¶9}** Barbara DiPietro of the Ohio Bureau of Criminal Identification ("BCI") testified that she tested the contents of the two seized bags and found the substance to be cocaine-based crack cocaine. One bag contained 0.77 grams and the other 2.55 grams, for a total weight of 3.3 grams.

**{¶10}** At the close of the state's case in chief, Bailey moved the court for an acquittal under Crim.R. 29. The trial court granted the motion relative to the charge of possession of criminal tools and the forfeiture specifications. On August 19, 2011, the jury returned guilty verdicts on the remaining charges. On August 25, 2011, the trial court sentenced Bailey to a total of 18 months in prison.

<u>**Prosecutorial Misconduct**</u>

**{¶11}** In the first assigned error, Bailey argues the prosecutor engaged in misconduct and deprived him of a fair trial by vouching for the credibility of Williams.

**{¶12}** The test for prosecutorial misconduct is whether remarks are improper and, if so, whether they prejudicially affected substantial rights of the accused. *State v. Boyce*, 8th Dist. No. 93543, 2010-Ohio-3870, citing *State v. Lott*, 51 Ohio St.3d 160, 165, 555 N.E.2d 293 (1990). In reviewing allegations of prosecutorial misconduct, we review the alleged wrongful conduct in the context of the entire trial. *State v. Stevenson*, 2d Dist. No. 2007-CA-51, 2008-Ohio-2900, citing *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Thus, an appellate court must examine the entire statement to determine whether the result of the proceedings would have been different had the prosecutor not made the remarks at issue. *State v. Treesh*, 90 Ohio St.3d 460, 2001-Ohio-4, 739 N.E.2d 749.

**{¶13}** Bailey posits the prosecutor vouched for Williams's credibility several times during closing arguments. First, the prosecutor stated:

> **\* \* \*[W]e heard the judge talk about candor and frankness, I don't know if there's more of a frank witness that we could have than Betty**

**Williams coming in and telling us exactly what it was. * * * She came in and told us exactly what happened.** Tr. 346.

**{¶14}** Later, the prosecutor followed up the above remark by stating:

**\* \* \* How difficult was it for her to sit right here and tell a bunch of people she doesn't even know in this whole courtroom that she smoked crack while she was pregnant. She smoked crack while she was pregnant. And why did she do it? I asked her over and over again. She was telling the truth. \* \* \* [O]kay, think back, remember her testimony. Her frankness. How she answered the questions quickly and things like that.** Tr. 386-387.

**{¶15}** We find the above excerpt of the state's closing argument fails to satisfy the above standard. The prosecutor's summarization of Williams's testimony, including how difficult it was for her to testify that she smoked crack while pregnant, did not exceed the prosecutor's ability to comment on what the evidence has shown and what reasonable inferences may be drawn therefrom.

**{¶16}** Considering the latitude granted to prosecutors and our review of the entire record, we find that the prosecutor was not attempting to express his opinion regarding Williams's credibility. Rather, the prosecutor was pointing out that the jury could infer that Williams was telling the truth because she was frank and candid enough to reveal that she had smoked crack while pregnant.

**{¶17}** Here, the prosecutor's statement did not invite the jury to reach its decision on matters outside the evidence adduced at trial. *State v. Hart*, 8th Dist. No. 79564,

2002-Ohio-1084. As such the prosecutor's comments were not improper and would not have changed the outcome of the trial. Accordingly, we overrule the first assigned error.

## Jury Instruction and Aiding and Abetting

**{¶18}** In the second assigned error, Bailey argues the trial court erred by instructing the jury on aiding and abetting.

**{¶19}** Ohio's complicity statute, R.C. 2923.03(A), provides, in pertinent part:

**No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:**

**(2) Aid or abet another in committing the offense; * * *.**

**{¶20}** In order to constitute aiding and abetting, the accused must have taken some role in causing the commission of the offense. *State v. Sekic*, 8th Dist. No. 95679, 2011-Ohio-4809, citing *State v. Sims*, 10 Ohio App.3d 56, 460 N.E.2d 672 (8th Dist.1983). A person aids or abets another when he supports, assists, encourages, cooperates with, advises, or incites the principal in the commission of the crime and shares the criminal intent of the principal. *State v. Johnson*, 93 Ohio St.3d 240, 2001-Ohio-1336, 754 N.E.2d 796. Such intent may be inferred from the circumstances surrounding the crime. *Id*. at 246, 754 N.E.2d 796.

**{¶21}** In the instant case, the description of how the events unfolded were subject to disparate inferences. Nonetheless, viewing the evidence in the light most favorable to the prosecution, as we are required to do, we have no choice but to conclude that the state presented sufficient evidence of aiding and abetting. Specifically, Williams testified that when they exited her uncle's house and Bailey saw the police cruiser, he gave her the keys

to the car and told her to drive. Williams testified that when the police cruiser pulled behind them, Bailey tossed the drugs into her lap and told her to swallow the crack. Williams stated that she then put one bag in her mouth.

{¶22} While this evidence is not the only version before the jury, this is the evidence that most supports the state's case. As such, viewing the evidence in the light most favorable to the prosecution, we conclude that the state presented sufficient evidence of aiding and abetting. Accordingly, we overrule the second assigned error.

## Police Report

{¶23} In the third assigned error, Bailey argues the trial court erred by refusing to admit the police report as an exhibit.

{¶24} A trial court has broad discretion in the admission and exclusion of evidence, and an appellate court must not interfere with that determination "[u]nless the trial court has clearly abused its discretion." *State v. Hall*, 8th Dist. No. 96680, 2012-Ohio-266, quoting *State v. Apanovitch*, 33 Ohio St.3d 19, 25, 514 N.E.2d 394 (1987). An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary, or unconscionable.'" *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 19, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶25} Police reports are generally inadmissible hearsay and should not be submitted to the jury. *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229; *State v. Ward*, 15 Ohio St.3d 355, 358, 474 N.E.2d 300 (1984).

{¶26}   In the instant case, the police report, forming part of the record on appeal, reveals information that substantially parallels the testimony presented at trial.   As such the evidence would have been cumulative.   Accordingly, we overrule the third assigned error.

## Speedy Trial

{¶27} In the fourth assigned error, Bailey argues that he was denied a speedy trial and the trial court should have granted his motion to dismiss.   We find no merit to this argument.

{¶28} In the instant case, Bailey was arrested on January 18, 2011. Applying the speedy trial period from the day after Bailey's arrest, the state was required to bring him to trial no later than Tuesday, October 4, 2011, unless that period was tolled by some event. The record indicates that trial commenced on August 17, 2011, 49 days before the speedy trial period would have expired if there was no tolling event.

{¶29}   Here, given that Bailey was brought to trial within 270 days, he has not established a prima facie case for dismissal.   Moreover, a review of the record indicates that there were numerous tolling events as provided by statute.   Events which, without providing a line-by-line recapitulation of the trial court's docket, tolled the statutory period, but still did not prevent Bailey from being brought to trial before the speedy trial time expired.   As such, the trial court properly denied the motion to dismiss. Accordingly, we overrule the fourth assigned error.

## Sufficiency of Evidence

**{¶30}** In the fifth assigned error, Bailey argues his convictions were not supported by the evidence.

**{¶31}** A challenge to the sufficiency of the evidence supporting a conviction requires the court to determine whether the State has met its burden of production at trial. *State v. Givan*, 8th Dist. No. 94609, 2011-Ohio-100, citing *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. *Id*. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶32}** Bailey argues the State failed to produce evidence that the substance in two little bags was actually crack cocaine. However, Barbara DiPietro of the Ohio Bureau of Criminal Identification ("BCI") testified that she tested the contents of the two seized bags and found the substance to be cocaine-based crack cocaine. As such, we find no merit to this assertion.

**{¶33}** Bailey also contends there was insufficient evidence to sustain his convictions because Williams's testimony is not credible. However, issues of credibility are irrelevant to a sufficiency of the evidence analysis. *Thompkins* at 390. As previously discussed, Williams testified that the drugs belonged to Bailey, who threw them in her lap, and instructed her to swallow them, when the police cruiser pulled behind their vehicle.

**{¶34}** Consequently, this evidence, if believed, would support Bailey's convictions. As such, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the charged crimes proven beyond a reasonable doubt. Accordingly, we overrule the fifth assigned error.

## Manifest Weight of the Evidence

**{¶35}** In the sixth assigned error, Bailey argues his convictions were against the manifest weight of the evidence.

**{¶36}** In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, the Ohio Supreme Court restated the standard of review for a criminal manifest weight challenge as follows:

> **The criminal manifest-weight-of-the-evidence standard was explained in *State v. Thompkins*, 78 Ohio St.3d 380, 1997 Ohio 52, 678 N.E.2d 541. In *Thompkins*, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. *Id*. at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. *Id*. at 386-387, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. *Id*. at 387, 678 N.E.2d 541. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id*. at 387, 678 N.E.2d 541, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.**

**{¶37}** Moreover, an appellate court may not merely substitute its view for that of the jury, but must find that "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387. Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶38}** Bailey argues Williams's testimony, which we have discussed ad nauseam, was not credible. However, while a reviewing court considers the credibility of the witnesses in a weight of the evidence review, "that review must nevertheless be tempered by the principle that weight and credibility are primarily for the trier of fact," in this case the jury, because they are in "the best position to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Kash*, 1st Dist. No. CA2002-10-247, 2002-Ohio-415, ¶ 25, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

**{¶39}** Consequently, after reviewing the entire record, we conclude that this case is not the exceptional case in which the evidence weighs heavily against the conviction. Accordingly, we overrule the sixth assigned error.

**{¶40}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR