OPINION JUDGMENT ENTRY
{¶ 1} On February 15, 2003, appellant, Richard Dingman, blew into a BAC Datamaster breath testing machine and tested .133. He was subsequently charged with driving under the influence in violation of R.C. 4511.19(A)(1) (operating a vehicle while under the influence of alcohol) and (A)(3) (operating a vehicle with a prohibited alcohol concentration), no safety belt in violation of R.C. 4513.263, open container in a motor vehicle in violation of R.C. 4301.62, and left of center in violation of R.C. 4511.25. Appellant filed several motions to suppress all evidence. A hearing was held on July 9, 2003. By decision and order filed October 10, 2003, the trial court denied said motion.
 {¶ 2} On December 3, 2003, appellant pled no contest to the charges. By judgment entry filed December 11, 2003, the trial court found appellant guilty of R.C. 4511.19(A)(3), no safety belt and open container. The trial court dismissed the R.C.4511.19(A)(1) and the left of center charges. The trial court then sentenced appellant to one hundred eighty days in jail, one hundred ten suspended, and imposed an aggregate fine of $430 plus court costs.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The breath test should have been suppressed at the suppression hearing due to the calibration solution affidavit not being properly certified."
 II {¶ 5} "The senior operator's permit was invalid for the trooper who gave the breath test. the breath test was inadmissible."
 I {¶ 6} Appellant claims the trial court erred in admitting into evidence during the suppression hearing an uncertified copy of the calibration solution affidavit for the BAC Datamaster breath testing machine. We agree.
 {¶ 7} This is the same issue addressed by this court inState v. Musick, Licking App. No. 01CA77, 2002-Ohio-2890. InMusick, this court found an unauthenticated or uncertified copy of a calibration solution affidavit was inadmissible at a suppression hearing therefore, the state had failed to meet its burden. Applying Musick to this case, we find the trial court erred in admitting the uncertified copy of the calibration solution affidavit.
 {¶ 8} Assignment of Error I is granted.
 II {¶ 9} Appellant claims the senior operator's certificate was invalid pursuant to Ohio Adm. Code 3701-53-09(C). We disagree.
 {¶ 10} BAC Datamaster breath testing machines must be calibrated by a senior operator. Ohio Adm. Code 3701-53-09(C) as amended on September 30, 2002 states a permit to operate the machine is valid for one year. The senior operator for the BAC Datamaster on the evening in question was Ohio State Highway Trooper Mark Glennon. It is undisputed Trooper Glennon's certificate was issued prior to September 30, 2002, and when it was issued, it was issued for a two year period:
 {¶ 11} "I mean we can stipulate the permit that Mark Glennon was operating under on February 15 of this year would have been a permit that was issued March 12 of 2001 and from the Director of Health and it was due to expire two years from that March 12, 2001 date. His new permit that he's operating under now is to expire one year from March 12 of 2003 and has been now re-issued." T. at 5.
 {¶ 12} On the face of the senior operator's certificate, the permit was issued for two years. The mere fact that subsequent to its issuance new guidelines were established limiting a certificate's life to one year does not in and of itself invalidate a previously issued valid certificate.
 {¶ 13} Appellant argues the controlling date sub judice should be the date of the breathalyzer test, February 15, 2003, and not the issuance date of the certificate. To support this argument, appellant points to a case wherein the regulation pertaining to radio frequency interference survey was amended and the court found the date of the breathalyzer test to be controlling as to which administrative regulation controlled.State v. Mook (July 15, 1998), Wayne App. No. 97CA0069. We find this case not to be controlling because the administrative regulation therein concerned the actual testing of the BAC Datamaster machine. Here, Trooper Glennon's certificate was validly issued. The change in the administrative regulation did not address a substantive issue, but a procedural one, to wit, the length of a certificate's validity.
 {¶ 14} We are loath to set a procedure where the term of a certificate, valid when issued, becomes invalid by subsequent regulation that does not affect the substantive nature of the certificate.
 {¶ 15} Assignment of Error II is denied.
 {¶ 16} The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby reversed.
Judgment reversed.
Gwin, P.J. concurs.
Hoffman, J. concurs in part, and dissents in part.