OPINION
{¶ 1} Defendant-appellant Justin Koteff appeals his conviction and sentence from the Ashland Municipal Court on one count of operating a motor vehicle with a prohibited blood alcohol concentration. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 29, 2004, appellant was arrested and charged with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1), operating a motor vehicle with a prohibited blood alcohol concentration in violation of R.C. 4511.19(A)(3), and failure to drive within marked lanes in violation of R.C. 4511.33. On March 1, 2004, appellant filed a written plea of not guilty to the charges.
 {¶ 3} Subsequently, on March 24, 2004, appellant filed a joint "Motion to Dismiss Based Upon Lack of Probable Cause to Arrest for DUI" and "Motion to Suppress Breath Sample." With respect to his Motion to Dismiss, appellant argued, in part, that the arresting officer failed to conduct field sobriety tests in accordance with National Highway Traffic Safety Administration guidelines. Appellant, in his motion, also argued, in part, that the Ohio State Highway Patrol failed to conduct the breath alcohol test (BAC) in accordance with "regulations of the State of Ohio in 4511.19(B) and the Ohio Department of Health governing such testing and analysis . . .". A hearing on appellant's motions was held on April 26, 2004. The following testimony was adduced at the hearing.
 {¶ 4} On February 29, 2004, at approximately 3:01 a.m., Sergeant Chad Enderby of the Ohio State Highway Patrol observed appellant's vehicle cross over the yellow line. After stopping appellant's vehicle, the sergeant approached the same on the driver's side. Upon making contact with appellant, Sergeant Enderby noticed that appellant's eyes were red and glassy and detected the odor of alcohol emanating from inside appellant's car. Appellant, who himself smelled of alcohol, admitted to consuming the same.
 {¶ 5} The sergeant then performed the horizontal gaze nystagmus test on appellant and "determined four out of six clues." Transcript of April 26, 2004, hearing at 10. The sergeant also had appellant perform the one-leg stand and walk-and-turn tests. According to Sergeant Enderby, he observed three out of five clues on the one-leg stand and four clues on the walk-and-turn test. The sergeant testified that, during the walk-and-turn test, appellant moved his feet around in an attempt to keep his balance and that, during the one-leg stand, appellant "swayed while he was balancing." Transcript of April 26, 2004, hearing at 22. Appellant was then placed under arrest and transported to the Ashland Patrol Post. Appellant tested .115% on a breath alcohol test.
 {¶ 6} At the conclusion of the April 26, 2004, hearing, appellant argued, with respect to the BAC test, that certified copies of the simulator solution certificate were not admitted into evidence at the hearing. The copy referred to by Sergeant Enderby at the hearing was not certified. In response, the trial court stated on the record that, since the certificate from the Ohio Department of Health for the batch of simulator solution was authenticated via testimony from officers, there did not need to be certified copies. The trial court then overruled both appellant's Motion to Dismiss and his Motion to Suppress. With respect to appellant's Motion to Dismiss, the trial court stated, in relevant part, on the record as follows:
 {¶ 7} ". . . All right. I am going to rule at this time that there was probable cause for the arrest. The testimony of the driving was fairly sketchy, but the Court did have the benefit of the video, which did indicate some weaving and some lane crossing. The court is basing this probable cause determination also on the odor of alcohol that was detected by the officer. The glassy red eyes, the admission of alcohol. The various coordination indications of poor coordination on the field sobriety tests. Those would justify the arrest.
 {¶ 8} "Now on the field sobriety tests, I am finding that the horizontal gaze nystagmus was given within strict compliance with NHTSA regulations. I'm not finding anything that would indicate that not checking for contacts is not strict compliance. There's a requirement of removing the eye glasses. So the HGN will remain in.
 {¶ 9} "Now, I am finding that there is less than strict compliance with the one-leg stand and the walk and turn. . . . I'm finding no noncompliance as far as the Data Master issues and the calibration issues." Transcript of April 26, 2004, hearing at 82-83.
 {¶ 10} Thereafter, on May 12, 2004, appellant entered a plea of no contest to the charge of operating a motor vehicle with a prohibited blood alcohol concentration in violation of R.C. 4511.19(A)(3). The remaining charges were dismissed. Appellant was sentenced to fifteen days in the Ashland County Jail, with twelve of the days suspended, and was ordered to pay a $350.00 fine plus court costs. In addition, appellant's driver's license was suspended for a period of one year.
 {¶ 11} Appellant now raises the following assignments of error on appeal:
 {¶ 12} "I. The trial court erred in overruling defendant's joint Motion to Dismiss/Suppress when the record establishes that the arresting officer lacked probable cause to make a warrantless arrest.
 {¶ 13} "II. The trial court erred in overruling the defendant's Motion to Suppress the chemical test when the record fails to establish the state introduced a properly authenticated batch certificate from the Ohio Department of Health, thereby failing to prove substantial compliance with the Ohio Department of Health regulation."
 I {¶ 14} Appellant, in his first assignment of error, argues that the trial court erred in overruling his Motion to Dismiss since the record establishes that Sergeant Enderby lacked probable cause to make a warrantless arrest of appellant. We disagree.
 {¶ 15} "Probable cause exists where there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that an individual is guilty of the offense with which he or she is charged." State v. Medcalf
(1996), 111 Ohio App.3d 142, 147, 675 N.E.2d 1268, citing Huber v.O'Neill (1981), 66 Ohio St.2d 28, 30, 419 N.E.2d 10. In determining whether probable cause exists to arrest a suspect for driving under the influence of alcohol, "the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence of alcohol." Id., citing Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225. In determining whether probable cause exists, a court must look at the totality of the facts and circumstances. Medcalf, supra.
 {¶ 16} Probable cause to arrest a suspect for driving while under the influence of alcohol may exist without consideration of field sobriety tests. In State v. Homan, 89 Ohio St.3d 421, 427, 2000-Ohio-212,732 N.E.2d 952, the Ohio Supreme Court excluded the results of field sobriety tests administered to a suspect. The Homan Court went on to find that, even without the results of the field sobriety tests, probable cause existed to support the arrest of the suspect when the totality of the circumstances was considered. In Homan, the facts which supported a finding of probable cause were: red and glassy eyes, breath which smelled of alcohol, erratic driving and an admission that the suspect had consumed alcohol.
 {¶ 17} In State v. Schmitt, 101 Ohio St.3d 79, 2004-Ohio-37,801 N.E.2d 446, the Ohio Supreme Court held that, even though the standardized procedures were not strictly followed, "[a] law enforcement officer may testify at trial regarding observations made during a defendant's performance of nonscientific standardized field sobriety tests." Id., at syllabus.
 {¶ 18} Even without consideration of the actual results of the field sobriety tests, we find that, based on the totality of circumstances, including Sergeant Enderby's observations made during appellant's performance of the same, there was sufficient probable cause to arrest appellant for operating a motor vehicle while intoxicated. As is stated above, Sergeant Enderby stopped appellant at 3:01 a.m. after observing appellant commit a traffic violation. Upon making contact with appellant, the sergeant noticed that appellant's eyes were red and glassy and that appellant smelled of alcohol. Appellant, when asked, admitted that he had consumed alcohol. Furthermore, the sergeant testified that he observed appellant "swaying" during the field sobriety tests and that appellant had trouble keeping his balance during the walk-and-turn test. Based on the foregoing, we find that the totality of the circumstances supports a finding of probable cause to arrest appellant for driving while under the influence.
 {¶ 19} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 20} Appellant, in his second assignment of error, contends that the trial court erred in overruling his Motion to Suppress appellant's blood alcohol test results since the record fails to establish that the State introduced a properly authenticated batch certificate from the Ohio Department of Health for the BAC simulation solution. Appellant specifically argues that the trial court erred in admitting into evidence during the suppression hearing an uncertified copy of the calibration solution certificate for the BAC Datamaster breath testing machine. We agree.
 {¶ 21} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v. Claytor
(1993), 85 Ohio App.3d 623, 620 N.E.2d 906; Guysinger, supra. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690,699, 116 S.Ct. 1657, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 22} The identical issue was addressed by this Court in State v.Musick, Licking App. No. 01CA77, 2002-Ohio-2890. In Musick, this Court found that an unauthenticated or uncertified copy of a calibration solution certificate was inadmissible at a suppression hearing and that, therefore, the State had failed to meet its burden of proving substantial compliance with Ohio Department of Health regulations regarding alcohol testing. This Court, in Musick, specifically held that the State could not present an uncertified copy of the batch certificate and attempt to authenticate the same via testimony from the Ohio State Highway Patrolman who had performed the instrument check. In so holding, this Court, inMusick, stated as follows:
 {¶ 23} "Specifically, appellant cites the case of State v. Brown
(Apr. 13, 1992), Clairmont [sic] App. No. CA91-07-043, unreported, at 4, which held: Authentication of a `batch' certificate is a condition precedent to its admission into evidence at a suppression hearing. Statev. Keating (Oct. 13, 1987), Stark App. No. CA-7148, unreported. Without a properly authenticated calibration certificate, the results of appellant's BAC verifier test cannot be admitted into evidence. City of Columbus v.Robbins (1989), 61 Ohio App.3d 324, 572 N.E.2d 777; see, also, Statev. Ward (1984), 15 Ohio St.3d 355, 474 N.E.2d 300. Finding that a properly authenticated calibration solution certificate was not offered into evidence by the state, would hold that the BAC verifier results must be excluded.
 {¶ 24} "The Brown decision referenced a decision rendered by this court in 1987. In the Keating case, we held that: * * * the "bottle and batch affidavit" sought to be admitted by the appellee was not separately authenticated. This authentication is a condition precedent to its admission at a suppression hearing. The appellee's failure to produce a properly authenticated document was a foundational requirement necessary for its admittance at the hearing to successfully prosecute the appellant on an R.C. 4511.19(A)(3) violation. Keating at 3." Id. at p. 1-2.
 {¶ 25} Applying Musick to the case sub judice, we find the trial court erred in admitting the uncertified copy of the calibration solution certificate. See also State v. Dingman, Tusc. App. No. 2003AP120096, 2004-Ohio-4172. The trial court, therefore, erred in overruling appellant's Motion to Suppress the results of the breath test.
 {¶ 26} Appellant's second assignment of error is, therefore, sustained.
 {¶ 27} Accordingly, the judgment of the Ashland County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
Edwards, J., Farmer, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland Municipal Court is reversed and remanded to the trial court for further proceedings. Costs assessed to appellee.