OPINION
{¶ 1} On February 22, 2004, appellant, Troy Allen, blew into a BAC Datamaster breath testing machine and tested .093. He was subsequently charged with driving under the influence in violation of R.C. 4511.19(A)(1) and (A)(4).
 {¶ 2} On March 25, 2004, appellant filed a motion to dismiss/suppress, claiming in pertinent part that the trooper's senior permit to operate the BAC Datamaster breath testing machine was not in substantial compliance with the Ohio Department of Health regulations. By journal entry filed September 10, 2004, the trial court denied said motion.
 {¶ 3} On September 29, 2004, appellant pled no contest to the R.C. 4511.19(A)(4) charge. By judgment entry filed September 29, 2004, the trial court sentenced appellant to ninety days in jail, eighty-seven suspended, and imposed a fine of $250 plus court costs.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred in overruling the defendant's motion to suppress the chemical test when the record fails to establish the state introduced sufficient evidence to establish the trooper who performed the instrument checks prior to and after the defendant's breath test was a properly certified senior operator, thereby failing to prove substantial compliance with the ohio department of health regulations."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to suppress. Specifically, appellant claims his breath test results should have been suppressed because the trooper's senior operator permit was invalid pursuant to Ohio Adm. Code3701-53-09(C). We disagree.
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623;Guysinger. As the United States Supreme Court held in Ornelasv. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 8} BAC Datamaster breath testing machines must be calibrated by a senior operator. Ohio Adm. Code 3701-53-09(C) as amended on September 30, 2002 states a permit to operate the machine is valid for one year. The senior operator for the BAC Datamaster on the evening in question was Ohio State Highway Trooper Christopher Goss. Trooper Goss's certificate was issued on July 24, 2002, prior to September 30, 2002, with an effective date of October 14, 2002, valid for a two year period. See, Stipulations of Fact filed September 1, 2004.
 {¶ 9} In denying appellant's motion to suppress, the trial court found the issuance date, July 24, 2002, to be the controlling date and therefore, the certificate was "issued prior to the change in the effective date of the change in the regulations" and the one year expiration period did not apply. See, Journal Entry filed September 10, 2004. We agree.
 {¶ 10} Pursuant to Ohio Adm. Code 3701-53-09(C), an "individual holding a permit may seek renewal of an issued permit * * * by filing an application with the director no sooner than six months before the expiration date of the current permit." Trooper Goss's certificate was set to expire on October 14, 2002 so on July 9, 2002, he filed his application for renewal. Said renewal was granted and was issued on July 24, 2002 with an effective date of October 14, 2002.
 {¶ 11} It is undisputed that when the certificate was issued on July 24, 2002, it was valid. The subsequent change in law on September 30, 2002 did not invalidate the already valid certificate. As this court stated in State v. Dingman,
Tuscarawas App. No. 2003AP120096, 2004-Ohio-4172, ¶ 14, "We are loath to set a procedure where the term of a certificate, valid when issued, becomes invalid by subsequent regulation that does not affect the substantive nature of the certificate."[1]
The certificate was issued prior to the change so it was given a two year expiration date. We find the certificate to be valid until October 14, 2004 and therefore was valid at the time of appellant's test.
 {¶ 12} Upon review, we find the trial court did not err in denying appellant's motion to dismiss/suppress.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Municipal Court of Fairfield County, Ohio is hereby affirmed.
Farmer, J., Boggins, P.J. and Edwards, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Fairfield County, Ohio is affirmed.
[1] This court understands the Dingman case is distinguishable from this case in that the Dingman certificate was issued and became effective prior to the September 30, 2002 change. However, we find the cited language to be applicable sub judice.