OPINION *Page 2 
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs and their oral arguments to this Court. Appellant, Cynthia Williams, appeals the decision of the Belmont County Court — Eastern Division convicting her of one count of operating a vehicle while intoxicated in violation of R.C. 4511.19.
 {¶ 2} With this appeal Williams challenges the conviction claiming that the trooper who performed the BAC test was not properly certified as it could not be established when either the St. Clairsville Patrol Post or Trooper Ross Thompson actually received the permit. Williams further argues that the fact that Trooper Thompson applied for a renewal of that permit served as a revocation of that permit. Because neither of these arguments is supported by law, Williams has no basis for challenging her conviction. Thus, the decision of the trial court is affirmed.
 Facts {¶ 3} On June 17, 2007, Williams was stopped for a traffic violation while driving through Bellaire, Ohio and, after allegedly exhibiting signs of intoxication, submitted to a portable breath test. Thereafter, Williams was arrested for operating a vehicle while intoxicated and taken to the St. Clairsville Patrol Post by Trooper Ross Thompson. She was given another breath test at the post which resulted in a .182% BAC.
 {¶ 4} On June 18, 2007, Williams entered a plea of not guilty and the matter was set for a hearing. Williams then filed a Motion to Suppress the evidence against her claiming that 1) the arresting officer had no basis to stop her, 2) the arresting officer lacked reasonable grounds to believe she had operated a vehicle in violation of R.C. 4511.19 and 3) the State is unable to verify the permits issued to the arresting officer were issued in compliance with OAC 3701-53-09. The third portion of the motion was overruled on August 9, 2007. The trial court, however, postponed hearing the first and second branches of the motion and ultimately never addressed them as Williams requested that her case be continued for plea proceedings.
 {¶ 5} On September 20, 2007, Williams withdrew her plea of guilty and entered a plea of no contest. In addition, both Williams and the State entered into a stipulation that the BAC DataMaster permit stated to expire on July 16, 2007, was mailed by the Ohio *Page 3 
Department of Health to Trooper Ross E. Thompson or the St. Clairsville Patrol Post between March 23, 2006 and July 16, 2006. However, the State was unable to establish the date within this period of time that Trooper Thompson or the St. Clairsville Patrol Post received the permit. The State likewise stipulated that the BAC DataMaster permit stated to expire on July 16, 2008, was mailed by the Ohio Department of Health to Trooper Thompson between May 3, 2007 and July 16, 2007 but again could not establish a date that the permit was received. Notably, the first permit attached to the stipulations states on its face that it was issued on July 16, 2006 and expires July 16, 2007. The second permit states that it was issued on July 16, 2007 and expires on July 16, 2008.
 {¶ 6} On the same day these stipulations were entered into, the trial court accepted Williams' plea along with the stipulations and found Williams guilty of driving under the influence.
 Assignment of Error {¶ 7} As her sole assignment of error, Williams claims:
 {¶ 8} "The trial court erred in refusing to exclude the results of the breath test administered to Defendant."
 {¶ 9} Williams claims that the State could not establish the issuance or expiration date of Trooper Ross' permit to perform the breathalyzer test and therefore the results should have been suppressed. She further claims that the fact that Trooper Thompson requested a renewal of his 2007 permit resulted in the revocation of that permit.
 {¶ 10} The appellate review of a motion to suppress presents a mixed question of law and fact. State v. Long (1998), 127 Ohio App.3d 328,332, 713 N.E.2d 1. During the hearing proceedings of a motion to suppress, the trial court assumes the role of trier of fact. Id., citingState v. Payne (1995), 104 Ohio App.3d 364, 367, 662 N.E.2d 60;State v. Robinson (1994), 98 Ohio App.3d 560, 570, 649 N.E.2d 18;State v. Rossiter (1993), 88 Ohio App.3d 162, 166, 623 N.E.2d 645. A reviewing court is bound to accept the factual determinations of a trial court during a suppression hearing so long as it is supported by competent and credible evidence. State v. Harris (1994),98 Ohio App.3d 543, 546, 649 N.E.2d 7; State v. Claytor (1993), 85 Ohio App.3d 623,627, 620 N.E.2d 906. However, *Page 4 
the application of the law to those facts is subject to a de novo standard of review. Harris, 98 Ohio App.3d at 546, 649 N.E.2d 7;State v. Anderson (1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034.
 {¶ 11} In the present case, the parties stipulated to all of the facts that would be reviewed by the trial court in deciding the motion to suppress. Thus, this Court need only review the trial court's application of the law to those facts. More specifically, this Court must determine whether the trial court properly decided that Trooper Thompson held a valid senior operator permit at the time of Williams' BAC test.
 {¶ 12} Pursuant to the relevant portions of O.A.C. 3701-53-09:
 {¶ 13} "(B) Individuals desiring to function as senior operators or operators shall apply to the director of health for permits on forms prescribed and provided by the director of health. A separate application shall be filed for each type of evidential breath testing instrument for which the permit is sought.
 {¶ 14} "The director of health shall issue appropriate permits to perform tests to determine the amount of alcohol in a person's breath to individuals who qualify under the applicable provisions of rule 3701-53-07 of the Administrative Code. Individuals holding permits issued under this rule shall use only those evidential breath testing instruments for which they have been issued permits.
 {¶ 15} "(C) Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued, unless revoked prior to the expiration date. An individual holding a permit may seek renewal of an issued permit by the director under paragraphs (A) and (B) of this rule by filing an application with the director no sooner than six months before the expiration date of the current permit. The director shall not renew the permit if the permit holder is in proceedings for revocation of his or her current permit under rule 3701-53-10 of the Administrative code.
 {¶ 16} "(D) To qualify for renewal of a permit under paragraphs (A) or (B) of this rule:
 {¶ 17} "(1) A permit holder shall present evidence satisfactory to the director that he or she continues to meet the qualifications established by the applicable provisions of *Page 5 
rule 3701-53-07 of the Administrative Code for issuance of the type of permit sought.
 {¶ 18} "(2) If the individual seeking a renewal permit currently holds a laboratory technician or laboratory director permit, the permit holder shall meet the requirements of paragraph (A) of this rule.
 {¶ 19} "(3) If the individual seeking a renewal permit currently holds an operator or senior operator permit, the permit holder shall have completed satisfactorily an in-service course for the applicable type of evidential breath testing instrument which meets the requirements of paragraph (B) of this rule, which includes review of self-study materials furnished by the director."
 {¶ 20} It is clear from the very language of this rule that Trooper Thompson's application for renewal of his permit did not result in its revocation as it allows permit holders to reapply within six months of the expiration date of the permit. Furthermore, there was no evidence presented that Trooper Thompson was in proceedings for revocation of his permit under rule 3701-53-10 of the Administrative Code. Finally, Williams fails to cite to any legal authority supporting this argument. Thus, this portion of Williams' argument is without merit.
 {¶ 21} Next, Williams argues, pursuant to the same rule regarding the issuance of permits, that a "permit shall expire one year from the dateissued, unless revoked prior to the expiration date." The heart of Williams' argument is that the word "issued" as used in the context of this rule is unclear and therefore we must look to outside sources to determine what it means for a permit to be "issued."
 {¶ 22} The process of judicial interpretation of a statute or, as in this case a rule, involves, "reading undefined words and phrases in context and construing them in accordance with the rules of grammar and common usage." State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. StateEmp. Relations Bd., 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 36.
 {¶ 23} Williams first claims that, pursuant to Black's Law Dictionary, issue means to "send out . . . to deliver." Black's Law Dictionary (8th Ed. 1999), 850. However, the definition actually given in Black's is "to send out or distribute officially." Furthermore, *Page 6 
Black's Law Dictionary states that a more common usage of the word issue is "to be put forth officially." Id. The permit in question, which notably was stipulated to by both parties, states that it was issued on July 16, 2006 and expires on July 17, 2007, exactly one year as provided by the rule, and was signed by the Director of Health. As Williams has pointed out, the rule states that permits issued shall expire one year from the date issued. Williams was tested between these two dates. This appears to resolve the issue. Nevertheless, Williams further argues that we should apply the term "issue" as it is defined in other code and rule sections.
 {¶ 24} For example, Williams claims that under O.A.C. 3745-47-03(I), issuance of a proposed action by the Ohio Environmental Protection Agency is defined as "to place the action into the United States mail." She likewise points to R.C. 1303.01(A)(5) which states that to issue commercial paper means "the first delivery of an instrument by the maker or drawer . . . for the purposes of giving rights of the instrument to any person." Although these code sections may be illustrative of what the word "issue" means as defined in those contexts, they are limited to their contexts and Williams fails to explain why these code sections and their definitions are controlling in the present situation.
 {¶ 25} Finally, Williams turns to the holding in State v. Allen, 5th Dist, 2005-Ohio-4112. In Allen, the defendant made a similar argument that the state did not offer sufficient proof that a licensed senior operator performed the BAC test resulting in his DUI conviction. Williams argues that Allen stands for the proposition that the word "issue" means "to send." That case does not, however, discuss the definition of the term issue, nor does it discuss the mailing date of the certificate. Interestingly, the Allen case discusses the validity of the certificate running from its "effective date" rather than its "issue date" when the current version of the rule makes no mention of "effective dates". Furthermore, there was no "effective date" stipulated to by the parties in this case. Thus, we find the holding inAllen to be inapplicable in the present case.
 Conclusion {¶ 26} In this case, the only evidence of the "issue date" is what can be found on the face of the document stipulated to by both parties, July 16, 2006. According to the *Page 7 
OAC, and the face of the certificate, the expiration date would be July 17, 2006. Because the BAC test was given to Williams after the issue date and prior to the expiration date, the trial court properly denied Williams' motion to suppress the results of the BAC test. Accordingly, Williams' assignment of error is without merit and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1