[Cite as *State v. Smole*, 2011-Ohio-6655.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | Julie A. Edwards, J. |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |
| | : | |
| -vs- | : | Case No. 11-COA-014 |
| | : | |
| | : | |
| JESSE M. SMOLE | : | O P I N I O N |
| | | |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:   Criminal Appeal from Ashland, Ohio
Municipal Court Case No. 11-TRC-
00295

JUDGMENT:         Affirmed

DATE OF JUDGMENT ENTRY:   December 21, 2011

APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

W. DAVID MONTAGUE      THOMAS L. MASON
Assistant Director of Law     MASON, Mason & Kearns
1213 E. Main Street       P.O. Box 345
Ashland, Ohio  44805      153 West Main Street
              Ashland, Ohio  44805

*Edwards, J.*

{¶1}   Defendant-appellant, Jesse Smole, appeals his conviction and sentence from Ashland Municipal Court on one count of operating a motor vehicle with a prohibited breath alcohol concentration. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On January 17, 2011, appellant was arrested for speeding in violation of R.C. 4511.21(D)(1), operating a motor vehicle while under the influence of alcohol/drug of abuse in violation of R.C. 4511.19(A)(1)(a), and operating a motor vehicle with a prohibited breath alcohol concentration in violation of R.C. 4511.19(A)(1)(d). At his arraignment on January 18, 2011, appellant entered a plea of not guilty to the charges.

{¶3}   Thereafter, on February 22, 2011, appellant filed a Motion to Suppress, alleging that there was no probable cause to arrest him for operating a motor vehicle while under the influence of alcohol and/or drugs.  A hearing on such motion was held on February 28, 2011.

{¶4}   At the hearing, Trooper John Jackson of the Ohio State Highway Patrol testified that he was on routine patrol on January 17, 2011, at 12:04 a.m. when he observed a vehicle traveling southbound towards him that appeared to be exceeding the 55 mile per hour speed limit. Using radar, the Trooper determined that the vehicle's speed was 76 miles per hour. After he observed the driver change lanes without signaling, the Trooper activated his lights and initiated a traffic stop.

{¶5}   As he was talking to appellant, who was the driver of the vehicle, Trooper Jackson "could smell an odor of an alcoholic beverage coming from inside the vehicle, and I saw the driver's eyes were red and bloodshot and appeared glassy." Transcript at

8. Trooper Jackson then had appellant exit his vehicle and sit in the front seat of his patrol car. The Trooper then was able to determine that the alcoholic odor came from appellant's breath. When he asked appellant if he had consumed any alcohol, appellant told him that he had had a beer.

{¶6} Trooper Jackson then performed the horizontal gaze nystagmus test on appellant while appellant was inside his patrol car. He testified that appellant exhibited three clues in each eye, for a total of six clues. According to the Trooper, while appellant was performing the walk-and-turn test, "he moved his feet to keep balance while I was explaining the test to him. He raised his arms six inches for balance and turned incorrectly." Transcript at 13. Appellant exhibited three out of eight clues on such test. Trooper Jackson testified that on the final test, the one leg stand, he observed all four clues. Appellant was then arrested.

{¶7} On cross-examination, Trooper Jackson testified that prior to administering the tests, he had no evidence that appellant's motor coordination was deficient. The following is an excerpt from his testimony on cross-examination:

{¶8} "Q. Okay. To your knowledge, are there any Department of Health Regulations concerning the administration of that [the horizontal gaze nystagmus test] test?

{¶9} "A. I'm sure there is.

{¶10} "Q. But you are not sure?

{¶11} "A. I'm not - - I'm still not sure what you're.

**{¶12}** "Q. You said you were sure, then I said that you're not sure. Well, let me ask you this, if there are Department of Health Regulations concerning the administration of that test, you're not familiar with them.

**{¶13}** "A. I'm familiar with forms for the test and what you have to do to administer the test.

**{¶14}** "Q. Right. But you can't tell us where those rules are coming from?

**{¶15}** "A. No.

**{¶16}** "Q. Are you familiar with the National Highway Traffic Safety Administration Manual?

**{¶17}** "A. Yes.

**{¶18}** "Q. Do you know if that particular source sets forth how to the (sic) perform an HGN test?

**{¶19}** "A. Yes, it does.

**{¶20}** "Q. Okay. Do you know what it requires?

**{¶21}** "A. To perform the test?

**{¶22}** "Q. Right. And I just call it NHTSA. In the NHTSA Manual.

**{¶23}** "A. Right. You just need a stimulus. Something to move in front of the subject's face.

**{¶24}** "Q. Well there's more than that, isn't' there?

**{¶25}** "A. I don't believe so." Transcript at 17-18.

**{¶26}** Trooper Jackson testified that, on the walk-and-turn test, appellant walked heel to toe for nine steps without a mistake and also did that coming back, that appellant never stepped off of the line and that appellant never swayed. Testimony was

adduced that, on the one leg stand, appellant put his foot down on the count of 14 and then stood on one leg from the count of 15 to the count of 30 without any trouble. The Trooper admitted that when appellant was doing normal activities, he did not observe any impaired motor coordination.

{¶27} On redirect, Trooper Jackson testified that the odor of alcohol was "strong." Transcript at 22.

{¶28} Pursuant to a Judgment Entry filed on March 7, 2011, the court overruled appellant's Motion to Suppress. Subsequently, on March 21, 2011, appellant withdrew his former not guilty pleas and entered a plea of no contest to the charge of operating a motor vehicle with a prohibited breath alcohol concentration. The remaining charges were dismissed. As memorialized in a Judgment Entry filed on April 25, 2011, appellant was sentenced to ninety (90) days in jail with eighty (80) of the days suspended, was placed on probation for a period of one year, and his operator's license was suspended for a period of one year. Appellant also was fined $750.00.

{¶29} Appellant now raises the following assignment of error on appeal:

{¶30} "THE TRIAL COURT ERRED BY OVERRULING THE APPELLANT'S MOTION TO SUPPRESS WHERE THERE WAS NOT PROBABLE CAUSE TO ARREST HIM FOR OVI."

I

{¶31} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Suppress because there was no probable cause to arrest appellant for driving while under the influence of alcohol.

**{¶32}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; *State v. Klein* (1991), 73 Ohio App.3d 486, 597 N.E.2d 1141; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 620 N.E.2d 906; *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 116 S.Ct. 1657, 1663, "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

**{¶33}** As is stated above, appellant argues that the trial court erred in overruling appellant's Motion to Suppress where there was no probable cause to arrest appellant for driving under the influence of alcohol. Appellant specifically contends that the field sobriety tests cannot be considered because of "lack of evidence of compliance with

any standardized testing procedures" and that, without evidence of appellant's performance on the same, there was insufficient evidence establishing probable cause to arrest him.

{¶34} An officer has probable cause to arrest a suspect for driving under the influence if, "at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan* (2000), 89 Ohio St.3d 421, 427, 732 N.E.2d 952, (superseded by statute on other grounds) citing *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225; *State v. Timson* (1974), 38 Ohio St.2d 122, 127, 311 N.E.2d 16, 20. In making the determination as to whether probable cause existed, a reviewing court will examine the "totality" of facts and circumstances surrounding the arrest. *Homan,* supra, citing *State v. Miller* (1997), 117 Ohio App.3d 750, 761, 691 N.E.2d 703, 710; *State v. Brandenburg* (1987), 41 Ohio App.3d 109, 111, 534 N.E.2d 906, 908.

{¶35} In *State v. Koteff,* Ashland App. No. 04-COA-1719, 2005-Ohio-1719, ¶ 16-17, this Court noted the following:

{¶36} "Probable cause to arrest a suspect for driving while under the influence of alcohol may exist without consideration of field sobriety tests. In *State v. Homan,* 89 Ohio St.3d 421, 427, 2000-Ohio-212, 732 N.E.2d 952, the Ohio Supreme Court excluded the results of field sobriety tests administered to a suspect. The *Homan* Court went on to find that, even without the results of the field sobriety tests, probable cause existed to support the arrest of the suspect when the totality of the circumstances was considered. In *Homan,* the facts which supported a finding of probable cause were: red

and glassy eyes, breath which smelled of alcohol, erratic driving and an admission that the suspect had consumed alcohol.

**{¶37}** "In *State v. Schmitt,* 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446, the Ohio Supreme Court held that, even though the standardized procedures were not strictly followed, '[a] law enforcement officer may testify at trial regarding observations made during a defendant's performance of nonscientific standardized field sobriety tests.' *Id.,* at syllabus."

**{¶38}** In *State v. Homan*, 89 Ohio St.3d 421, 2000-Ohio-212, 732 N.E.2d 952, the Supreme Court of Ohio held that in order for the field sobriety tests to serve as evidence of probable cause to arrest, such tests must be performed in strict compliance with the procedures promulgated by the NHTSA.

**{¶39}** However, R.C. § 4511.19(D)(4)(b), effective April 9, 2003, provides in pertinent part:

**{¶40}** "(b) In any criminal prosecution or juvenile court proceeding for a violation of division (A) or (B) of this section, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, or of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol, a controlled substance, or a metabolite of a controlled substance in the whole blood, blood serum or plasma, breath, or urine, if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the

time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:

**{¶41}** "(i) The officer may testify concerning the results of the field sobriety test so administered.

**{¶42}** "(ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution or juvenile court proceeding.

**{¶43}** "(iii) If testimony is presented or evidence is introduced under division (D)(4)(b)(i) or (ii) of this section and if the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate."

**{¶44}** The Supreme Court of Ohio recognized that under this amended version of R.C. § 4511.19(D)(4)(b), "the arresting officer no longer needs to have administered field sobriety tests in strict compliance with testing standards for the test results to be admissible at trial." *State v. Schmitt,* 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446, at ¶ 9. Rather, an officer may now testify concerning the results of a field sobriety test administered in substantial compliance with the testing standards. *Id.* Additionally, "HGN test results are admissible in Ohio without expert testimony so long as the proper foundation has been shown both as to the administering officer's training and ability to administer the test and as to the actual technique used by the officer in administering the test." *State v. Boczar,* 113 Ohio St.3d 148, 2007-Ohio-1251, 863 N.E.2d 155, at ¶ 27.

**{¶45}** In the case sub judice, the NHTSA manual was not admitted into evidence. In *State v. Ryan,* Licking App. No. 02-CA-00095, 2003-Ohio-2803, ¶ 18-21, this Court stated the following: "While we do not decide that the introduction of the NHTSA manual is a necessary predicate to this issue, we must agree with the court in *State v. Nickelson* (July 20, 2001), Huron App. No. H-00-036 when it concluded:

**{¶46}** "'While appellee introduced testimony of officers as to which tests were conducted and how they were conducted, it did not introduce any evidence to prove that the tests were conducted in a standardized manner as provided by the National Highway Traffic Safety Administration. No witness testified as to these guidelines, and the manual itself was not admitted. Because appellee did not prove that the field sobriety tests were conducted in accordance with the manual, the results of the field sobriety tests should have been suppressed. See *State v. Homan* (2000), 89 Ohio St.3d 421, 732 N.E.2d 952.'

**{¶47}** "In the case sub judice, while Trooper Weaver testified as to his certification to administer the tests (T. at p. 7, 732 N.E.2d 952), he did not testify as to the standardized requirements of the NHTSA guidelines but merely how appellant performed the walk and turn and one-leg stand. Also, as in *Nickelson,* supra, the manual was not introduced.

**{¶48}** "We find that the State therefore failed in its burden as to the evidence required to oppose the motion to suppress and that the burden had not shifted to appellant to establish the standardized manner of conducting such tests as required by the NHTSA by impeaching the Trooper. By placing this burden on appellant, he was

required by impeachment or introduction of the NHTSA manual to carry the burden required of the State."

**{¶49}** In the case sub judice, Trooper Jackson testified that he was trained to administer the field sobriety tests. He did not testify as to the standardized requirements of the NHTSA guidelines. We find, therefore, that the State failed to meet its burden as to the presumption of admissibility of the field sobriety tests under R.C. 4511.19(D)(4).

**{¶50}** Moreover, we find that there was probable cause to arrest appellant for driving under the influence without consideration of the results of field sobriety tests. As is stated above, appellant was driving 75 miles in a 55 mile per hour zone and changed lanes without signaling. After stopping appellant, Trooper Jackson smelled a "strong" odor of alcohol on appellant's breath and noticed that appellant's eyes were red, bloodshot and appeared glassy. Appellant, when asked if he had consumed any alcohol, told the Trooper that he had had a beer. We find these factors support a finding of probable cause. See, for example, *State v. Verity*, Stark App. No. 2009CA00156, 2010-Ohio-1151. In such case, this Court held, in relevant part, as follows: "Officer Rowland testified upon removing appellant from the vehicle, he smelled a strong odor of alcohol coming from appellant's breath and his eyes were glassy. T. at 12, 14. These observations triggered the administration of the field sobriety tests. Officer Rowland testified he performed these tests in substantial compliance and appellant demonstrated clues indicating intoxication. T. at 8-9.

**{¶51}** "We find despite the lack of admissibility of the field sobriety tests as addressed in Assignment of Error I, Officer Rowland articulated factors that he believed led to probable cause to arrest. We find his observations were sufficient to substantiate

probable cause and indicated more than a hunch or a guess by the officer." Id at paragraphs 35-36.  On such basis, this Court found, in *Verity*, that the trial court did not err in finding that the officer had probable cause to arrest the appellant for driving under the influence.

**{¶52}**  Appellant's sole assignment of error is, therefore, overruled.

**{¶53}**  Accordingly, the judgment of the Ashland Municipal Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

[Cite as *State v. Smole*, 2011-Ohio-6655.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JESSE M. SMOLE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-COA-014 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland, Ohio Municipal Court is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES