[Cite as *State v. Roetzel*, 2012-Ohio-4898.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 12-COA-010 |
| ROBERT D. ROETZEL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Ashland Municipal Court,
                             Case No. 12-TR-C-715


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      October 15, 2012


APPEARANCES:

For Appellant:                       For Appellee:

THOMAS L. MASON                      W. DAVID MONTAGUE
P.O. Box 345                         1213 E. Main Street
153 West Main Street                 Ashland, OH 44805
Ashland, OH 44805-1600

*Delaney, J.*

{¶1} Appellant Robert D. Roetzel appeals from the February 6, 2012 judgment entry of the Ashland County Municipal Court overruling his motion to suppress. Appellee is the state of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2} This case arose on January 22, 2012 at 1:48 a.m. when Trooper Tyler Carr of the Ohio State Highway Patrol was on routine patrol in the city of Ashland, Ohio. He noted the night was chilly but clear; the roadway was mostly dry with some patches of wet asphalt. The yellow line dividing the roadway was clearly visible. Carr was southbound on Mifflin Avenue when he encountered the vehicle driven by appellant; Carr was directly behind appellant's vehicle.

{¶3} Carr's attention was initially drawn to the vehicle because it was traveling under the speed limit. The speed limit in the location is 35 miles per hour, but Carr paced the vehicle at between 20 and 25 miles per hour. Carr then observed the vehicle travel left of center. The roadway was divided by a solid yellow double line and appellant drifted over the line into the opposite lane of travel.

{¶4} Carr initiated a traffic stop and made contact with appellant. Carr noted a strong odor of an alcoholic beverage emanating from the vehicle, and both appellant and his girlfriend in the front seat appeared to be under the influence. Appellant's eyes were red and bloodshot. Carr asked appellant whether he thought he should be driving because Carr believed appellant's condition was "obvious," but appellant said he was O.K. Appellant's speech was slurred; he stated he was trying to get his girlfriend home and was driving her car.

{¶5} As appellant got out of the car, Carr asked how much he had to drink, and appellant replied he had consumed "a couple" beverages. Once out of the vehicle, Carr noted a strong odor of an alcoholic beverage emanating from appellant's person. He was placed in the backseat of Carr's cruiser.

{¶6} Carr asked appellant to perform a number of tests to gauge whether appellant was impaired. First, he asked him to recite the alphabet starting with "C" and ending with "X." Appellant started at "C" and went all the way through "Z." Carr then asked appellant to step out of the cruise to complete a number of standardized field sobriety tests. Carr testified these tests were administered upon a hard, flat, level surface and in strict compliance with his training at OPOTA and the Ohio State Highway Patrol Academy.

{¶7} The first test administered was the horizontal gaze nystagmus test. Carr noted appellant displayed six out of a possible six clues: lack of smooth pursuit in both eyes, distinct nystagmus at maximum deviation in both eyes, and the onset of nystagmus before 45 degrees.

{¶8} The second test administered was the one-leg stand, on which appellant indicated three out of four possible clues. He swayed while balancing, raised his arms greater than 6 inches, and kept putting his foot down. Appellant was unable to complete the one-leg stand because he put his foot down too many times.

{¶9} Finally, Carr administered the walk-and-turn test, upon which appellant demonstrated 5 out of 8 possible clues.

{¶10} Upon completion of the field sobriety tests, Carr concluded appellant was under the influence of an alcoholic beverage and was appreciably impaired. Appellant was arrested for O.V.I.

{¶11} The uniform traffic ticket citing appellant indicates he was charged with violating R.C. 4511.19(A)(1)(H)[1] and 4511.19(A)(1)(a). Appellant was also cited with a left-of-center violation pursuant to R.C. 4511.25(C). Appellant entered a plea of not guilty and moved to suppress evidence obtained from his stop and arrest, arguing there was no lawful cause to stop or detain him, no probable cause to arrest him, and the standardized field sobriety tests were not performed in substantial compliance with proper standards.

{¶12} A suppression hearing was held and Trooper Carr was the sole witness. At the conclusion of the hearing, the trial court overruled the motion and subsequently issued a judgment entry detailing the trial court's findings. Appellant entered a plea of no contest to one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(H). Appellee dismissed the remaining count of O.V.I. and the left-of-center violation. The trial court sentenced appellant to a jail term of 60 days with 54 days suspended, in addition to a fine and a suspension of appellant's operator's license.

{¶13} Appellant now appeals from the trial court's judgment entries of conviction, sentence, and overruling the motion to suppress.

{¶14} Appellant raises one Assignment of Error:

---

[1] The U.T.T. indicates appellant's breath alcohol test result was .235. Issues with the breath testing equipment were raised in appellant's motion to suppress, but appellant subsequently withdrew those arguments prior to the suppression hearing and the breath test result is not at issue in this appeal.

{¶15} "I.   THE TRIAL COURT ERRED BY OVERRULING A MOTION TO SUPPRESS WHERE THE STOP AND ARREST WERE WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE, RESPECTIVELY."

I.

{¶16} In his sole assignment of error, appellant argues the trial court erred in overruling his motion to suppress because the trooper did not have a reasonable, articulable suspicion to stop the vehicle nor probable cause to arrest.  We disagree.

{¶17} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact.  *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist. 1998).  During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility.  *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996).  A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.  *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996).  Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard.  *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶18} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal.  First, an appellant may challenge the trial court's finding of fact.  In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the

evidence. See, *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See*, Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96, 620 N.E.2d 906 (8th Dist.1994).

{¶19} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507 19 L.Ed.2d 576 (1967). An investigative stop, or *Terry* stop, is a common exception to the Fourth Amendment warrant requirement. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 889 (1968). Because the "balance between the public interest and the individual's right to personal security" tilts in favor of a standard less than probable cause in such cases, the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity "may be afoot." *United States v. Brignoni-Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). In *Terry*, the Supreme Court held that a police officer may stop an individual if the officer has a reasonable suspicion based upon specific and articulable facts that

criminal behavior has occurred or is imminent.  See, *State v. Chatton*, 11 Ohio St.3d 59, 61, 463 N.E.2d 1237 (1984).

{¶20} The propriety of an investigative stop must be viewed in light of the totality of the circumstances surrounding the stop "as viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold."  *State v. Andrews*, 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271 (1991); *State v. Bobo*, 37 Ohio St.3d 177, 178, 524 N.E.2d 489 (1988).  The Supreme Court of the United States has re-emphasized the importance of reviewing the totality of the circumstances in making a reasonable suspicion determination:

When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the "totality of the circumstances" of each case to see whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing.  This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that "might well elude an untrained person."  Although an officer's reliance on a mere "hunch" is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct.744, 151 L.Ed.2d 740 (2002), citing *United States v. Cortez*, 449 U.S. 411, 417-418 (1981).

Traffic stops based upon observation of a traffic violation are constitutionally permissible.  *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 1996-Ohio-431, 665 N.E.2d

1091. This Court has held that any traffic violation, even a *de minimis* violation, may form a sufficient basis upon which to stop a vehicle. *State v. Bangoura*, 5th Dist. No. 08 CA 95, 2009-Ohio-3339, ¶ 14, citing *State v. McCormick*, 5th Dist. No. 2000CA00204, 2001 WL 111891 (Feb. 2, 2001).

{¶21} Appellant alleges the trooper did not have reasonable suspicion to stop him on the basis of the marked lanes violation and observation of slow speed. He points to the decision of the 11th District Court of Appeals in *State v. Worthy,* which held that a *de minimis* violation, such as a marked lane violation, without other evidence of impairment, does not justify an investigative stop. 11th Dist. No. 99-L-063, 2000 WL 1774157 (Dec. 1, 2000). This case appears to have been abrogated by the rationale of the Ohio Supreme Court in *State v. Mays*, which held a traffic stop is constitutionally valid when an officer witnesses a motorist drift over lane markings in violation of R.C. 4511.33, even without further evidence of erratic or unsafe driving. 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, syllabus. While those cases involved violations of R.C. 4511.33 and this case involves a violation of R.C. 4511.25, we find the rationale to be equally determinative: when an officer could reasonably conclude from a person's driving outside marked lanes that the person is violating a traffic law, the officer is justified in stopping the vehicle. *Mays*, id., 2008-Ohio-4539 at ¶20.

{¶22} Moreover, in the instant case, Trooper Carr observed both a marked lanes violation and slow speed, and we find Carr had reasonable and articulable suspicion to stop appellant's vehicle. See, *State v. Crowe*, 5th Dist. No. 07CA030015, 2008-Ohio-330.

{¶23} Appellant next argues appellee did not establish Trooper Carr had probable cause to arrest because the NHTSA manual was not admitted into evidence to show Carr administered the test in substantial compliance with its procedures.

{¶24} The results of field sobriety tests are admissible at trial if the state presents clear and convincing evidence that the officer administered the tests in substantial compliance with the National Highway Traffic Safety Administration (NHTSA) standards. See, R.C. 4511.19(D)(4)(b).  The burden of proof in a motion to suppress the results of a field sobriety test is on the state once the defendant has made an issue of the legality of the test. *State v. Ryan*, 5th Dist. No. 02-CA-00095, 2003-Ohio-2803, ¶ 21.

{¶25} Part of the state's burden includes demonstrating what the NHTSA standards are through competent testimony and/or by introducing the applicable portions of the NHTSA manual.  *State v. Ryan*, supra.  In *State v. Boczar*, the Ohio Supreme Court held that HGN test results are admissible in Ohio without expert testimony if substantial compliance with testing guidelines has been shown and a proper foundation has been established as to the administering officer's ability to administer the test and the officer's actual technique in administering the test. 113 Ohio St.3d 148, 2007–Ohio–1251, ¶ 28.

{¶26} In this case, Trooper Carr testified to his qualifications and training in administering the standardized field sobriety tests, as well as to the NHTSA guidelines for administration of the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand test.  He described generally the instructions for these tests as well

as specifically how he instructed appellant to complete them and appellant's resulting performance.

{¶27} We note appellant does not identify any specific error with Trooper Carr's administration of the tests, nor point to any specific deficiency in the testimony. Instead, he summarily argues appellee did not establish probable cause for the arrest because the NHTSA manual was not admitted. No blanket requirement exists, however, that appellee admit the manual. *State v. Ryan*, supra, 2003-Ohio-2803 at ¶ 18. We find appellee otherwise demonstrated the applicable NHTSA standards by means of the trooper's testimony.

{¶28} Moreover, probable cause existed to arrest appellant independent of the standardized field sobriety tests by virtue of appellant's erratic driving, the strong odor of an alcoholic beverage emanating from his person, his admission to consumption of alcoholic beverages, his red, bloodshot eyes, and his slurred speech. See, *State v. Smole*, 5th Dist. No. 11-COA-014, 2011-Ohio-6655.

{¶29} We conclude appellee demonstrated Trooper Carr had reasonable and articulable suspicion to stop appellant's vehicle and probable cause to place him under arrest for O.V.I. We affirm the trial court's decision to overrule appellant's motion to suppress.

{¶30} Appellant's sole assignment of error is therefore overruled and the judgment of the Ashland County Municipal Court is affirmed.

By: Delaney, P.J.

Gwin, J. and

Farmer, J. concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. SHEILA G. FARMER

PAD:kgb

[Cite as *State v. Roetzel*, 2012-Ohio-4898.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT D. ROETZEL | : | |
| | : | |
| | : | Case No. 12-COA-010 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Ashland County Municipal Court is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER